UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHARLES EDWARD PALMER,

                Petitioner,

v.                              Case No. 3:04-cv-1305-J-12HTS

JAMES V. CROSBY, et al.,

                Respondents.
_____

**ORDER**

Petitioner Charles Edward Palmer, proceeding *pro se* and *in forma pauperis*, initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #1) pursuant to 28 U.S.C. § 2254 on December 20, 2004.[1] Petitioner challenges a 1999 state court (Duval County, Florida) judgment of conviction for home invasion robbery on the following grounds: (1) the trial court committed reversible error on three occasions during the trial; (2) the trial court erred when it denied his motion for a mistrial based on an officer's improper

---

[1] The Petition (Doc. #1) was filed on December 20, 2004; however, giving Petitioner the benefit of the mailbox rule, this Court finds that the Petition was filed on the date Petitioner signed the Petition and handed it to prison authorities for mailing to the Court (December 16, 2004). See Houston v. Lack, 487 U.S. 266, 276 (1988). The Court will also give Petitioner the benefit of the mailbox rule with respect to his state court filings when calculating the one-year limitation period under 28 U.S.C. § 2244(d).

comment on the defendant's right to remain silent; (3) ineffective assistance of counsel for failing to file a motion during the trial to recuse the trial judge; (4) ineffective assistance of counsel for failing to make a contemporaneous objection to a violation of defendant's right to remain silent; (5) ineffective assistance of counsel for failing to file a motion to dismiss a legally insufficient charging document; (6) ineffective assistance of counsel for failing to ensure the defendant's presence during the taking of depositions; (7) ineffective assistance of counsel for failing to file a motion to suppress the hearsay out-of-court identification; (8) ineffective assistance of counsel for failing to impeach the inconsistent identification statement of the State's key witness; (9) ineffective assistance of counsel for failing to request a voice lineup of the defendant; (10) ineffective assistance of counsel when she erroneously coerced the defendant to not take the witness stand; (11) ineffective assistance of counsel for failing to object to highly prejudicial impermissible information; (12) ineffective assistance of counsel for failing to object to a highly prejudicial discovery violation; (13) ineffective assistance of counsel for failing to object to prejudicial improper statements and comments; (14) ineffective assistance of counsel for failing to object to the venire and request a new jury panel; (15) ineffective assistance of counsel for failing to object to hearsay inadmissible evidence; and, (16)

ineffective assistance of counsel for failing to file a motion to suppress hearsay inadmissible evidence.

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter AEDPA). This law amended 28 U.S.C. § 2244 by adding the following new subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

3

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondents contend that Petitioner has not complied with the one-year period of limitation as set forth in this subsection. See Respondents' Motion to Dismiss Untimely Petition for Writ of Habeas Corpus (hereinafter Response) (Doc. #8), filed March 16, 2005. In support of their contentions, they submitted exhibits.[2] Petitioner was given admonitions and a time-frame to respond to the Response. See Court's Order to Show Cause and Notice to Petitioner (Doc. #7). Petitioner has filed a Reply. See Petitioner's Reply Brief (Doc. #10), filed April 4, 2005.

On August 6, 1998, Petitioner Charles Edward Palmer was charged by Information with home invasion robbery. Ex. A. On February 5, 1999, after a jury found Petitioner guilty as charged, the trial court sentenced him to life imprisonment. Ex. B; Ex. C; http://www.dc.state.fl.us/ActiveInmates (website for the Florida Department of Corrections, Corrections Offender Network).

On February 19, 1999, Petitioner appealed. Ex. D; Ex. E. The appellate court per curiam affirmed on May 10, 2000, and the

---

[2] This Court will hereinafter refer to Respondents' exhibits as "Ex."

4

mandate issued on May 26, 2000. Ex. G; Palmer v. State, 757 So.2d 587 (Fla. 1st DCA 2000); Ex. H.

On June 9, 2000, Petitioner, through counsel, filed a "Notice to Invoke Discretionary Jurisdiction," seeking the discretionary jurisdiction of the Supreme Court of Florida to review the decision of the appellate court rendered on May 10, 2000. Ex. I; Ex. J, Jurisdictional Brief of Petitioner. On January 23, 2001, the Supreme Court of Florida ordered Petitioner to show cause "why this Court's decisions in Grant v. State, 770 So.2d 655 (Fla. 2000), McKnight v. State, 769 So.2d 1039 (Fla. 2000), Ellis v. State, 762 So.2d 912 (Fla. 2000), and State v. Cotton, 769 So.2d 345 (Fla. 2000), or any one of them, should not control the outcome of this case." Ex. K. Further, the court ordered the State to file a reply. Id. Petitioner filed a Response to Order to Show Cause (Ex. L), and the State filed a Reply, acknowledging that the State had previously "agreed there was discretionary jurisdiction but urged the Court to stay proceedings pending the resolution of the rehearing motion in Woods." Ex. M at 1. On June 21, 2001, the Supreme Court of Florida stated that, upon review of the responses to the Court's Order to Show Cause, it "has determined that it should decline to accept jurisdiction" and ordered that the petition for review be denied, citing Grant, 770 So.2d 655; Cotton, 769 So.2d 345; McKnight, 769 So.2d 1039; and, Ellis, 762 So.2d 912. See Ex. N; Palmer v. State, 791 So.2d 1100 (Fla. 2001).

5

Based on the record before this Court, it appears that Petitioner's conviction became final on September 19, 2001 (ninety days after the petition for review was denied). See Supreme Court Rule 13.1. Thus, the one-year period of limitation began to run on September 20, 2001. His Petition, filed in federal court on December 16, 2004, would be untimely unless he could avail himself of one of the statutory provisions which extends or tolls the time period.

The one-year period of limitation ran for **one-hundred and eighty-nine (189) days** (from September 20, 2001, until March 28, 2002) when Petitioner filed a Motion to Correct Illegal Sentence pursuant to Fla. R. Crim. P. 3.800. Ex. O. The trial court denied the motion on July 16, 2002. Ex. P.

The one-year period of limitation ran for another **ten (10) days** (from July 16, 2002, until July 26, 2002) when Petitioner filed his Motion for Post Conviction Relief pursuant to Fla. R. Crim. P. 3.850. Ex. Q. On March 28, 2003, Petitioner filed a copy of his motion. On May 1, 2003, he filed an Amended Motion for Post Conviction Relief. Ex. S. On January 15, 2004, the trial court denied the motion as untimely, finding that "it was filed more than two years after Defendant's conviction became final," noting that his conviction and sentence were affirmed on appeal through mandate issued on May 26, 2000, and citing cases that dictate that any Rule 3.850 motion must be filed two years from the date of the direct

appeal mandate. Ex. T (citations omitted). On February 3, 2004, Petitioner's motion for rehearing or reconsideration was denied. Ex. U. The appellate court per curiam affirmed on October 8, 2004, and the mandate issued on December 27, 2004. Ex. Y; Ex. Z.

Clearly, the "Notice to Invoke Discretionary Jurisdiction" was pending from June 9, 2000, until June 21, 2001. Further, as acknowledged by the State in its Answer Brief of Appellee (Ex. X), since the Supreme Court of Florida had jurisdiction, his conviction and sentence did not become final until the Court disposed of the petition for review on June 21, 2001. Ex. X at 5, 8, 9. Therefore, Respondents' Motion to Dismiss Untimely Petition for Writ of Habeas Corpus (Doc. #8) will be denied.

Further, this Court has reviewed the seventy-five (75) pages of the Petition (Doc. #1), in which Petitioner has set forth sixteen (16) grounds for relief. Since many of the claims appear to be repetitive and/or not concisely stated, Petitioner will be ordered to file an Amended Petition to clearly, yet concisely, set forth the grounds he wishes to pursue. If Petitioner intends to delete any of the grounds, he should do so at the time of amendment.

Therefore, it is now

**ADJUDGED:**

1.   Respondents' Motion to Dismiss Untimely Petition for Writ of Habeas Corpus (Doc. #8), in which they request the dismissal of the Petition, is **DENIED**.

2.   Petitioner, within **THIRTY (30) DAYS** from the date of this Order, shall file an Amended Petition to clearly, yet concisely, set forth the grounds he wishes to pursue.

3.   The Clerk of the Court shall send a habeas corpus petition form to Petitioner for his use in amending.

**DONE AND ORDERED** at Jacksonville, Florida, this 18TH day of May, 2005.

                                                     *Howell W. Melton*
                                               UNITED STATES DISTRICT JUDGE

sc 5/12
c:
Charles Edward Palmer
Assistant Attorney General (Wilcox)